IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BLAKE SANDLAIN,

      Petitioner,

v.                              CIVIL ACTION NO. 1:22-00222

WARDEN ROKOSKY,

      Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on May 1, 2023. See ECF No. 30. He recommends that this court (1) deny petitioner Blake Sandlain's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 (ECF No. 2) and (2) remove this matter from this court's docket. See ECF No. 30 at 15.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R. Sandlain filed timely objections. See ECF No. 32.

## I.    Background

Sandlain is an inmate at Federal Correctional Institution McDowell, in McDowell County, West Virginia.  See Pet. for Writ of Habeas Corpus, ECF No. 2.  He claims that the Bureau of Prisons ("BOP") miscalculated his "Criminal History Score," which affects his eligibility for earned time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  See Mem. Supp. Pet. for Writ of Habeas Corpus, ECF No. 3.

Sandlain's underlying conviction is from 2014 in the United States District Court for the Eastern District of Michigan.  See Pet. for Writ of Habeas Corpus, ECF No. 2.  At his sentencing for that conviction, he objected to criminal history points being added under the United States Sentencing Guidelines for a conviction that occurred more than fifteen years prior.  See Sentencing Tr. 5:7-13, ECF No. 11-1 at 9.  However, the district court overruled the objection because Sandlain had not discharged his sentence outside the fifteen-year window, and the district court, therefore, found that he should receive criminal history points for the conviction under the Guidelines.  See id.

Sandlain claims that the Bureau of Prisons improperly relied on the district court's calculation of his criminal history points, and that the BOP should recalculate his criminal

2

history points anew for purposes of determining his Criminal History Score.

The PF&R provides two reasons for denying Sandlain's petition for writ of habeas corpus: (1) he failed to exhaust his administrative remedies, and (2) the BOP correctly relied on Sandlain's Presentence Investigation Report from the United States District Court for the Eastern District of Michigan to calculate his Criminal History Score. See PF&R at 4-14, ECF No. 30.

Sandlain objects to both reasons for the PF&R recommending that this court deny his petition for writ of habeas corpus.

## II. Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Specifically, as to

3

objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." Beck v. Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).

### III. Discussion

#### A. Administrative Exhaustion

Petitioner offers evidence that he exhausted his administrative remedies for a case in which he sought transfer to a prison camp based on his "Population Management Variable." See ECF No. 11-1 at 1-2. In that administrative case, he raised similar arguments that the BOP should not follow his PSR's calculation of his criminal history points and that the BOP is required to calculate the points independently. See id. at 1.

The PF&R finds that Sandlain's administrative exhaustion of his claims regarding his Population Management Variable do not satisfy the requirement that he exhaust his administrative remedies for his current claims regarding the calculation of earned time credits under the First Step Act. See PF&R at 7-8, ECF No. 30. In petitioner's objection, he says that an appeal to General Counsel for the BOP "is the last stage of exhausting administrative remedies." Pet'r's Obj. to PF&R at 1, ECF No. 32.

The court overrules this objection. Sandlain does not address the PF&R's specific reasoning that the evidence he submitted applies to a different administrative claim. "This court need not conduct a de novo review when a party 'makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'" Hubbard v. United States, No. 1:06-00610, 2007 WL 5161763, at *1 (S.D.W. Va. Aug. 30, 2007) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

**B. Calculation of Criminal History Points**

The PF&R addresses the merits of Sandlain's claim, in the alternative to the PF&R's recommendation that Sandlain did not exhaust his administrative remedies. See PF&R at 12-15, ECF No. 30. The PF&R cites BOP Program Statement 5100.08, which provides that an inmate's Criminal History Score is "derived from the U.S. Sentencing Guidelines Criminal History Points, as reflected in the final judgment and SOR. If not found in either the Judgment or SOR, use the points assessed by the [United States Probation Officer] in the PSR." See id. at 13. The PF&R, therefore, finds that "the BOP is correctly obtaining Petitioner's Criminal History Points from his PSR[,] as set forth in P.S. 5100.08." See id. at 14-15.

5

In petitioner's objection, he argues that the BOP Program Statement 5100.08 requires the BOP to calculate his criminal history points without regard to the district court's determination of his criminal history points at sentencing.  See Pet'r's Obj. to PF&R at 1-2, ECF No. 32.  However, this is misstatement of BOP Program Statement 5100.08.  As explained in the PF&R, the Program Statement instructs BOP officials to defer to the criminal history points established in the sentencing court's judgment order, statement of reasons, or, if not found in those documents, in the PSR.  Therefore, petitioner's objection is overruled.

After Sandlain filed his objections to the PF&R, he filed a "Motion to Supplement 28 U.S.C. [§] 2241," in which he seeks to supplement the record with arguments about whether it is appropriate to add criminal history points for his conviction that occurred more than fifteen years prior to his 2014 conviction.  See ECF No. 38.  He filed this motion on August 21, 2023, which was outside the fourteen-day deadline to object to the PF&R filed on May 1, 2023.  The motion is also futile because the arguments raised are unresponsive to the PF&R and irrelevant.  Therefore, the motion to supplement (ECF No. 38) is **DENIED.**

## IV. Conclusion

The court has reviewed the record, the Magistrate Judge's PF&R, and Sandlain's objections. For the reasons discussed above, his objections are **OVERRULED**. His motion to supplement (ECF No. 38) is **DENIED**. Therefore, the court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Sandlain's petition for writ of habeas corpus (ECF No. 2) is **DENIED**; and
2. This action is **DISMISSED**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

7

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 10th day of October, 2024.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge